UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| In re:<br><br>ELENAROSE CAPITAL LLC, ET AL.,[1]<br><br>Debtor. | Case No. 23-70665-AKM-11<br><br>(Joint Administration Requested) |

## ELMER BUCHTA TRUCKING LLC'S
## FIRST DAY MOTION TO REJECT EXECUTORY CONTRACT

Elmer Buchta Trucking LLC, as debtor and debtor-in-possession ("**Debtor**"), by proposed counsel[2], hereby requests authority to reject the Employment Agreement (as defined herein). In support of this Motion, Debtor states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

### Background

4. On September 8, 2023 (the "**Petition Date**"), Debtor filed a Voluntary Petition under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

5. Debtor continues to operate its business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are, Elmer Buchta Trucking LLC (9591); Transport Acquisitions LLC (5931); Buchta Leasing, LLC (1217); WBF, LLC (4264); and ElenaRose Capital LLC (0259).

[2] An Application to Employ proposed counsel will be filed either concurrently herewith or at the first opportunity of proposed counsel.

6. No trustee or examiner has been appointed in this Chapter 11 case and no official unsecured creditors' committee has been appointed herein.

7. Additional information about Debtor's business, capital structure, and the circumstances leading to this Chapter 11 case is contained in the concurrently filed *Declaration of Louis Capolino in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**"), which is incorporated herein by reference.

8. Prior to the Petition Date, on or about December 16, 2022, Debtor and Tom Bennett ("**Bennett**") entered into a certain Employment Agreement (the "**Employment Agreement**"), wherein Bennett was engaged to serve as the Vice President of Sales of Debtor for a term of three (3) years, commencing on December 16, 2022 and expiring on December 16, 2025. A true and accurate copy of the Employment Agreement is attached hereto as **Exhibit 1**.

## Requested Relief and Basis Therefor

9. As part of Debtor's restructuring efforts, Debtor has determined that the Employment Agreement will not provide value to the estate or its creditors and, therefore, Debtor wishes to reject the Employment Agreement.

10. By this Motion, Debtor seeks an Order, pursuant to Section 365 of the Bankruptcy Code, authorizing Debtor to reject the Employment Agreement as of the date of this Motion (the "**Effective Date**").

11. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of debtor."

12. "[T]he purpose behind allowing the assumption or rejection of executory contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Picture Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2nd Cir. 1993) (quoting 2 COLLIER ON BANKRUPTCY ¶ 365.01 [1] (15th ed. 1993)).

13. A debtor's decision to assume or reject an executory contract or lease is subject to review under the "business judgment standard." For that reason, absent some bad faith or abuse of debtor's exercise of sound business judgment, courts routinely approve debtor's decisions to reject such contracts. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (finding that the "business judgment" standard governs rejection of executory contracts), *superseded on other grounds*; *In re Trans World Airlines, Inic.*, 261 B.R. 103, 120 (Bankr. D. Del. 2001) ("[D]ebtor's determination to reject an executory contract is governed by the business judgment standard."); *In re III Enterprises, Inc. V*, 163 B.R. 453, 469 (Bankr. E.D. Pa. 1994) (finding that courts do not "disturb [a debtor's] decision to reject unless the decision is so unreasonable that it could not be based on sound business judgment, but only on bad faith or whim").

14. The business judgment standard is "not a difficult standard" and requires only a showing that rejection will benefit the estate. *In re ExideTechs*, 340 B.R. 222, 239 (Bankr. D. Del. 2006); *see also Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39-40 (3rd Cir. 1989) (finding that the "business judgment" standard requires only that rejection will benefit the estate).

15. Here, Debtor has examined the Employment Agreement and determined that the Employment Agreement is no longer of any value or utility to Debtor or the bankruptcy estate.

16. Rather, performance of Debtor's obligations under the Employment Agreement will require more resources than Debtor's estate is able to allocate to comply with the Employment Agreement.

17. For these reasons, Debtor's decision to reject the Employment Agreement is an exercise of sound business judgment that will result in a joint benefit to the Debtor and the bankruptcy estate.

18. As such, Debtor respectfully requests that the Court authorize Debtor to reject the Employment Agreement as of the Effective Date.

**WHEREFORE**, Elmer Buchta Trucking LLC, by proposed counsel, respectfully requests the Court enter an Order authorizing Elmer Buchta Trucking LLC to reject the Employment Agreement as of the Effective Date and grant Elmer Buchta Trucking LLC all other just and proper relief.

Respectfully submitted,

*/s/ Weston E. Overturf*
Weston E. Overturf, Attorney No. 27281-49
Anthony T. Carreri, Attorney No. 36107-49
Jason T. Mizzell, Attorney No. 30038-53
KROGER GARDIS & REGAS, LLP
111 Monument Circle, Suite 900
Indianapolis, IN 46204
(317) 777-7443
WOverturf@kgrlaw.com

*Proposed Counsel for Debtor and Debtor-in-Possession*